UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bryan Dryden, | Case No.: 2:22-cv-00979-APG-BNW |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Barrett, et al., | |
| Defendants | |

Plaintiff Bryan Dryden brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. On July 22, 2022, the magistrate judge ordered Dryden to file a new fully complete application to proceed in forma pauperis (IFP) or pay the full $402 filing fee on or before September 21, 2022. ECF No. 3. The magistrate judge warned Dryden that this action could be dismissed if he failed to timely comply. *Id.* at 3. That deadline expired and Dryden did not comply. Rather, Dryden filed a motion and a notice stating that payment for the filing fee had been sent via institutional check, and submitted an incomplete IFP application. ECF Nos. 4, 5.

Because Dryden submitted a partial IFP application and notice that he was seeking to have the filing fee paid from his prison trust account, the court considered meaningful alternatives to dismissal and issued another order granting Dryden one final opportunity to either file a new fully complete IFP application or pay the full $402 filing fee. ECF No. 6. That deadline expired and Dryden still has not either filed a new fully complete IFP application or paid the full $402 filing fee.

## I. Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Dryden's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Dryden either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting a third deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

## II.     Conclusion

It is therefore ordered that this action is dismissed without prejudice based on plaintiff Bryan Dryden's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with the magistrate judge's July 22, 2022, and October 5, 2022, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Dryden wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or apply for pauper status.

Dated: December 16, 2022

_____
U.S. District Judge